IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN R. SATTERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1096-SLR |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ⟨24th⟩ day of September, 2013, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the claim against the Delaware Department of

Correction is dismissed as it is immune from suit and the claim against Correct Care

Solutions is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and

§ 1915A(b)(1) and (2); and (2) plaintiff may proceed against defendant Dr. Gilbert, for

the reasons that follow:

1. **Background**. Plaintiff Stephen R. Satterfield ("plaintiff"), an inmate at the

Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, proceeds

pro se and has been granted in forma pauperis status. He seeks injunctive relief.

2. **Standard of review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

2

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

6. **Discussion**. In August 2012, plaintiff received dentures from the HRYCI dental department. The dentures were too big and did not fit properly. Plaintiff notified dental and was referred to defendant Dr. Gilbert ("Dr. Gilbert"). Dr. Gilbert told plaintiff to "just deal with them." Plaintiff submitted a grievance and plaintiff was referred back to Dr. Gilbert who examined plaintiff and, again, told him to "deal with it."

7. **Eleventh Amendment**. Plaintiff names the Delaware Department of Correction ("DOC") as a defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

8. The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, the court will dismiss the claims against the DOC as it is immune from suit.

9. **Medical service provider**. Also named as a defendant is Correct Care Solutions ("CCS"), the medical services contract provider for the DOC. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*,

4

885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992).

10. In order to establish that CCS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

11. The complaint fails to set forth any alleged constitutional violations by CCS or deliberate indifference by CCS. For the above reasons, the court will dismiss the claim against CCS as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

12. **Conclusion**. For the above reasons, the claims against the Department of Correction and Correct Care Solutions are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2). Plaintiff has alleged what appears to be a cognizable and non-frivolous dental needs claim against Dr. Gilbert.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendant Dr. Gilbert, as well as for the Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff has**

5

**provided the court with copies of the complaint (D.I. 2) for service upon remaining
defendant and the attorney general. Plaintiff is notified that the United States
Marshals Service ("USMS") will not serve the complaint until all "U.S. Marshal
285" forms have been received by the clerk of the court. Failure to provide
complete "U.S. Marshal 285" forms for the remaining defendant and the attorney
general within 120 days of this order may result in the complaint being dismissed
or defendant being dismissed pursuant to Fed. R. Civ. P. 4(m)**.

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall
forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing
fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in
each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of
Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ.
P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form.
Such a defendant then has sixty days from the date of mailing to file its response to the
complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this
jurisdiction has an additional thirty days to return the waiver form and to respond to the
complaint.

5. A defendant who does not timely file the waiver form shall be personally
served and shall bear the costs related to such service, absent good cause shown,
pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a
defendant does not timely waive service of process.**

6

6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8.  **Note: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE